ANDY D. BENNETT, J.,
concurring.
I fully concur in parts A and B of the opinion’s analysis section; however, I have some reservations regarding part C. I have chosen to write separately to highlight my concerns about the implications of this opinion for administrative inspections generally.
The McLaughlin case, upon which the court’s opinion relies, indicates that “an exception to the warrant requirement has been recognized for searches of pervasively or closely regulated industries.” McLaughlin, 849 F.2d at 993 (italics in original). The Department maintains that Publix operates in a pervasively regulated industry, but, as the opinion observes, “the Department cites to no authority or facts to support this contention.” Without evi *232 dence in the record outlining the licensing, safety, or other regulatory provisions imposed on grocery stores, we are unable to determine whether Publix is part of a pervasively or closely regulated industry. I am of the opinion that this deficiency in the record, as well as the Department’s failure to cite relevant authority in support of its position, has created precedent that could frustrate essential inspections in the future.
In this case, Publix delayed the Department’s inspection of the records of the minors who work there. While I am not saying Publix did so for improper reasons, such a delay in order to get an inspection warrant could allow an employer who did not keep its records up-to-date time to fix any deficiencies before the records could be ordered produced. This result is clearly contrary to the intent of the Tennessee Child Labor Act, detrimental to its enforcement, and contrary to the important interest of protecting minors from the abuse and consequences of overwork.